✓ FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 16 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
PATRICK E. CHAPMAN
Assistant United States Attorney
Arizona State Bar No. 025407
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Email: Patrick.Chapman@usdoj.gov
Attorneys for Plaintiff

REDACTED FOR PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

1. Javion Jaquan Rogers, (Counts 1 – 18, 43 – 61)
2. Kamari Avion Meier, (Counts 2 – 5)
3. Derral Lynn Nelson II, (Counts 6 – 8)
4. Katava Yjuanita Anderson, (Counts 9 – 18)
5. Kemari Leon Peterson, (Counts 19 – 27)
6. Lareon Leshaun Joe Ginnis, (Counts 28 – 37)
7. Java Janai Barfield-Rogers, (Counts 38 – 42)

Defendants.

No. CR-25-01287-PHX-SHD (JZB)

**INDICTMENT**

VIO: 18 U.S.C. §§ 922(a)(6), 924(a)(2), & 2
(Material False Statement During the Purchase of a Firearm, Aid and Abet)
Counts 1 – 18

18 U.S.C. §§ 922(a)(6) and 924(a)(2)
(Material False Statement During the Purchase of a Firearm)
Counts 19 – 37

18 U.S.C. § 924(a)(1)(A)
(False Statement During the Purchase of a Firearm)
Counts 38 – 61

18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c)
(Forfeiture Allegation)

**THE GRAND JURY CHARGES:**

**COUNT 1**

On or about March 31, 2025, in the District of Arizona, another individual knowingly made false statements and representations in connection with the acquisition of firearm to Harris Brothers Tactical, which were intended and likely to deceive Harris Brothers Tactical as to a fact material to the lawfulness of a sale of a firearm by Harris Brothers Tactical, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Harris Brothers Tactical, in that the individual did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he/she was the actual transferee/buyer, whereas in truth in fact, he/she was purchasing the firearms on behalf of Defendant, JAVION JAQUAN ROGERS.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

**COUNTS 2 – 5**

On or about the dates listed below, in the District of Arizona, Defendant, KAMARI AVION MEIER, knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant, KAMARI AVION MEIER, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant, JAVION JAQUAN ROGERS:

/ / /

| Count | Date | Business (Location) |
|---|---|---|
| 2 | 5/15/2025 | Arizona State Armory (Phoenix, Arizona) |
| 3 | 5/19/2025 | Arizona State Armory (Phoenix, Arizona) |
| 4 | 5/29/2025 | Harris Brothers Tactical (Phoenix, Arizona) |
| 5 | 5/29/2025 | Arizona State Armory (Phoenix, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

**COUNTS 6 – 8**

On or about the dates listed below, in the District of Arizona, Defendant, DERRAL LYNN NELSON II, knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant, DERRAL LYNN NELSON II, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant, JAVION JAQUAN ROGERS:

| Count | Date | Business (Location) |
|---|---|---|
| 6 | 5/30/2025 | Harris Brothers Tactical (Phoenix, Arizona) |
| 7 | 5/30/2025 | Arizona State Armory (Phoenix, Arizona) |

| | | |
|---|---|---|
| 8 | 6/16/2025 | Arizona State Armory (Phoenix, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

**COUNTS 9 – 18**

On or about the dates listed below, in the District of Arizona, Defendant, KATAVA YJUANITA ANDERSON, knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant, KATAVA YJUANITA ANDERSON, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating she was the actual transferee/buyer, whereas in truth in fact, she was purchasing the firearms on behalf of Defendant, JAVION JAQUAN ROGERS:

| Count | Date | Business (Location) |
|---|---|---|
| 9 | 1/16/2025 | Ammo AZ (Glendale, Arizona) |
| 10 | 1/19/2025 | Phoenix Gun Co. (Fountain Hills, Arizona) |
| 11 | 1/30/2025 | MAD Partners Inc. (Avondale, Arizona) |
| 12 | 2/5/2025 | Ammo AZ (Glendale, Arizona) |
| 13 | 2/5/2025 | S2 Armament (Phoenix, Arizona) |

| | | |
|---|---|---|
| 14 | 2/12/2025 | Ammo AZ (Glendale, Arizona) |
| 15 | 2/13/2025 | MAD Partners Inc. (Avondale, Arizona) |
| 16 | 3/19/2025 | Ammo AZ (Glendale, Arizona) |
| 17 | 3/19/2025 | Diamondback Armory (Phoenix, Arizona) |
| 18 | 3/19/2025 | S2 Armament (Phoenix, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

**COUNTS 19 – 27**

On or about the dates listed below, in the District of Arizona, Defendant, KEMARI LEON PETERSON, knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant, KEMARI LEON PETERSON, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of someone else:

| Count | Date | Business (Location) |
|---|---|---|
| 19 | 4/1/2025 | MAD Partners Inc. (Avondale, Arizona) |

| | | |
|---|---|---|
| 20 | 4/17/2025 | Ammo AZ (Glendale, Arizona) |
| 21 | 4/17/2025 | MAD Partners Inc. (Avondale, Arizona) |
| 22 | 4/21/2025 | Ammo AZ (Glendale, Arizona) |
| 23 | 5/3/2025 | MAD Partners Inc. (Avondale, Arizona) |
| 24 | 5/9/2025 | MAD Partners Inc. (Avondale, Arizona) |
| 25 | 6/12/2025 | Ammo AZ (Glendale, Arizona) |
| 26 | 6/12/2025 | MAD Partners Inc. (Avondale, Arizona) |
| 27 | 6/16/2025 | Ammo AZ (Glendale, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**COUNTS 28 – 37**

On or about the dates listed below, in the District of Arizona, Defendant, LAREON LESHAUN JOE GINNIS, knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant, LAREON LESHAUN JOE GINNIS, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms

Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of someone else:

| Count | Date | Business (Location) |
|---|---|---|
| 28 | 3/28/2025 | Arizona State Armory (Phoenix, Arizona) |
| 29 | 3/28/2025 | Harris Brothers Tactical (Phoenix, Arizona) |
| 30 | 4/25/2025 | Arizona State Armory (Phoenix, Arizona) |
| 31 | 4/25/2026 | Harris Brothers Tactical (Phoenix, Arizona) |
| 32 | 6/6/2025 | Ammo AZ (Glendale, Arizona) |
| 33 | 6/17/2025 | One Stop Firearms, LLC (Mesa, Arizona) |
| 34 | 6/17/2025 | Arizona State Armory (Phoenix, Arizona) |
| 35 | 6/25/2025 | Arizona State Armory (Phoenix, Arizona) |
| 36 | 6/26/2025 | Harris Brothers Tactical (Phoenix, Arizona) |
| 37 | 6/27/2025 | Alpha Dog Firearms (Tempe, Arizona) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**COUNTS 38 – 42**

On or about the dates listed below, in the District of Arizona, Defendant, JAVA JANAI BARFIELD-ROGERS, knowingly made false statements and representations to

the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant, JAVA JANAI BARFIELD-ROGERS, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below, stating that Defendant, JAVA JANAI BARFIELD-ROGERS, resided at an address on 19th Avenue in Phoenix, Arizona, whereas in truth and fact, Defendant, JAVA JANAI BARFIELD-ROGERS, knew that she resided at a different address:

| Count | Date | Business (Location) |
|---|---|---|
| 38 | 4/8/2025 | Arizona State Armory (Phoenix, Arizona) |
| 39 | 4/9/2025 | Arizona State Armory (Phoenix, Arizona) |
| 40 | 4/24/2025 | Arizona State Armory (Phoenix, Arizona) |
| 41 | 5/6/2025 | Arizona State Armory (Phoenix, Arizona) |
| 42 | 5/6/2025 | Harris Brothers Tactical (Phoenix, Arizona) |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNTS 43 – 61**

On or about the dates listed below, in the District of Arizona, Defendant, JAVION JAQUAN ROGERS, knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business,

in that Defendant, JAVION JAQUAN ROGERS, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below, stating that Defendant, JAVION JAQUAN ROGERS, resided at an address on Harney Street or Barney Street in Phoenix, Arizona, whereas in truth and fact, Defendant, JAVION JAQUAN ROGERS, knew that he resided at a different address:

| Count | Date | Business (Location) |
|---|---|---|
| 43 | 10/24/2024 | Arizona State Armory (Phoenix, Arizona) |
| 44 | 10/24/2024 | One Stop Firearms, LLC. (Mesa, Arizona) |
| 45 | 11/7/2024 | Ammo AZ (Glendale, Arizona) |
| 46 | 11/8/2024 | Arizona State Armory (Phoenix, Arizona) |
| 47 | 11/16/2024 | Arizona State Armory (Phoenix, Arizona) |
| 48 | 11/19/2024 | Ammo AZ (Glendale, Arizona) |
| 49 | 11/26/2024 | One Stop Firearms, LLC. (Mesa, Arizona) |
| 50 | 12/23/2024 | One Stop Firearms, LLC. (Mesa, Arizona) |
| 51 | 1/8/2025 | Ammo AZ (Glendale, Arizona) |
| 52 | 1/13/2025 | Ammo AZ (Glendale, Arizona) |

| | | |
|---|---|---|
| 53 | 1/15/2025 | Harris Brothers Tactical (Phoenix, Arizona) |
| 54 | 1/16/2025 | Harris Brothers Tactical (Phoenix, Arizona) |
| 55 | 1/18/2025 | Female Armed Divas, LLC (Peoria, Arizona) |
| 56 | 1/19/2025 | Harris Brothers Tactical (Phoenix, Arizona) |
| 57 | 1/19/2025 | Phoenix Gun Co. (Fountain Hills, Arizona) |
| 58 | 1/19/2025 | Baseline Pawn (Phoenix, Arizona) |
| 59 | 1/23/2025 | Alpha Dog Firearms (Tempe, Arizona) |
| 60 | 6/12/2025 | MAD Partners Inc. (Avondale, Arizona) |
| 61 | 6/26/2025 | Harris Brothers Tactical (Phoenix, Arizona) |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegations in Counts 1 – 61 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and upon conviction of the offenses alleged in Counts 1 – 61 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as

the result of the offenses, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses as to which property the defendants are liable. If any forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date: September 16, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/
PATRICK E. CHAPMAN
Assistant U.S. Attorney